Deputy v. Deputy.

---

ALONZO G. DEPUTY, APPELLEE, V. MARGARET DEPUTY, APPELLANT.

FILED MARCH 27, 1923. No. 22310.

Divorce: DISMISSAL. In a proper case this court will dismiss divorce proceedings for want of equity.

APPEAL from the district court for Gage county: LEONARD W. COLBY, JUDGE. Reversed and dismissed.

E. O. Kretsinger and Parsons & Mills, for appellant.

Safranek, Dutton & Massey, contra.

Heard before MORRISSEY, C. J., ALDRICH and GOOD, JJ., BEGLEY and BUTTON, District Judges.

ALDRICH, J.

This was a suit for a divorce brought by plaintiff charging extreme cruelty and wilful abandonment on the part of the defendant. The court found generally in favor of the plaintiff upon the issues joined and granted the divorce prayed for, allowing defendant $300 alimony and $50 attorney's fees. The plaintiff was a Civil War veteran, 76 years of age; he was feeble in health and unable to perform ordinary manual labor; he has no property or means of support except his pension of $50 a month from the United States. The defendant was 73 years of age. The court found that she had $200 in money out at interest and was living with her daughter and other children who were able and willing to contribute for her support. The defendant has appealed to this court asking that the judgment of the district court be reversed and the plaintiff's action dismissed.

The parties to this suit were married in Missouri in the year 1867, and to that union seven children were born, five of whom are living. They lived in the state of Missouri for about 23 years, in a precarious way. After leaving Missouri they lived in Iowa. They have sustained marriage relations for a period of more than 50 years and they had better travel together for the remainder of life's fitful fever.

Their married life has not on the whole been altogether unsuccessful, for they have five children who are in every sense of the word trustworthy citizens.

Whatever may be said as to the shortcomings of the plaintiff herein, he was patriotic, and in the hour of his country's need offered the one great sacrifice common to all patriots; so in that respect he was a model man. In common with all patriots and heroes he now receives the compensation of a pension which will support him and his wife during the remainder of the years of their life. These two old people have been married for more than a half century and the wife, according to her own

testimony, is willing to live with him now. She has some rights which as a matter of equity and fair dealing should not be disregarded. To allow the divorce would defeat her of the benefit of a widow's pension in case he should be called first. In all fairness to both parties concerned, we conclude that this divorce suit should be dismissed for want of equity to sustain it.

The decree is therefore reversed and the suit dismissed.

REVERSED AND DISMISSED.